IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BOBBY L. WYNN, :
:
        Plaintiff, :
:
VS. :
: CIVIL No: 5:15-CV-0254-MTT-MSH
FRANCIS KANE, M.D., :
:
        Defendant :

## ORDER

Plaintiff Bobby L. Wynn, a pre-trial detainee previously confined at Central State Hospital in Milledgeville, Georgia, filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983. After reviewing Plaintiff's Amended Complaint (ECF No. 13), the Court finds that his allegations fail to state a viable § 1983 claim. Plaintiff's claims against Dr. Francis Kane are accordingly **DISMISSED**.[1] *See* 28 U.S.C. § 1915A(b)(1). Leave to Proceed *in forma pauperis* shall be **GRANTED** only for the purpose of dismissal.

    **I.**    **Standard of Review**

Because Plaintiff is a prisoner and proceeding in this action without payment of the filing fee, the Court is obligated to conduct a preliminary screening of his claims. *See* 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2)(b). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347

---

[1] Dr. Kane is the only named defendant in the Amended Complaint. All other claims contained in Plaintiff's original complaint (ECF No. 1) are deemed abandoned.

(11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, however, still subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed the plaintiff's favor, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e) and 1915A(b). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56(2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence necessary to prove a claim. *See id*. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## II.     Plaintiff's Complaint

The present action arises out psychiatric treatment provided to Plaintiff at Central State Hospital in Milledgeville, Georgia. His Amended Complaint alleges that Defendant Dr. Kane, a psychiatrist, ordered that Plaintiff be given a psychiatric medication, "Invega Sustenna," every twenty-eight days. Plaintiff, however, claims that he does not suffer from the condition for which Invega Sustenna is designed to treat - schizophrenia; he claims to be "bi-polar." Plaintiff alleges that the medication prescribed by Dr. Kane has been given to him against his will and in violation of his religious beliefs. He also dislikes the medication because it makes him shake and drool. Plaintiff now seeks to recover

damages to compensate him for pain and suffering.

Based on his allegations, the Court presumes that Plaintiff intended to bring claims for violations of his First, Fifth, and Fourteenth Amendment rights. Plaintiff's allegations, however, are not sufficient to state these claims.

A. Claim for Inadequate Medical Care

Plaintiff first appears to claim that Dr. Kane violated his constitutional rights by prescribing the wrong medication. To state a claim for constitutionally inadequate medical care, however, a plaintiff must allege facts to show that the defendant acted with deliberate indifference to a serious medical need. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). *See also*, *Steele v. Shah*, 87 F.3d 1266, 1269 (11th Cir. 1996). Deliberate indifference exists when the defendant has (1) subjective knowledge of a risk of serious harm; [and] (2) disregards ... that risk; (3) by conduct that is more than mere negligence." *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Here, even if the Court was to presume that Plaintiff has satisfied the requirement of showing an objectively serious need, nothing in Plaintiff's Amended Complaint suggests that Dr. Kane acted with deliberate indifference when he prescribed Invega Sustenna for Plaintiff. The Court of course must accept Plaintiff's allegations as true and assume that Invega was not the proper medication for Plaintiff. Nonetheless, Plaintiff does not allege any facts demonstrating that Dr. Kane was aware of a serious risk of harm when he prescribed the medication. In fact, it does not appear that Plaintiff was ever actually at risk of suffering serious harm from the medication prescribed. Plaintiff only complains

that it makes him drool and shake. It does not appear to have worsened his bi-polar condition. Yet, even if did (and Dr. Kane was aware that the medication could cause serious harm), Plaintiff still fails to allege facts showing that Kane's "conduct was more than mere negligence." Negligent acts do not support a § 1983 claim, *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); nor does a patient's mere disagreement with the course of treatment chosen by his physician, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

    B. Due Process Claims, Involuntary Medication

Plaintiff next alleges that he is not only being given incorrect medication, but he is also being medicated against his will. A pre-trial detainee has a constitutionally protected Fifth and Fourteenth Amendment interest in remaining free from unwanted psychological treatment and cannot be involuntarily medicated without due process of law. *See Washington v. Harper*, 494 U.S. 210, 211 (1990). However, to state a due process claim against Dr. Kane, the complaint must allege a causal connection between Kane's conduct and the involuntary medication. *See id*.

Here, Plaintiff's Amended Complaint fails to allege any fact demonstrating that Dr. Kane ordered that Plaintiff be given injections against his will or that Dr. Kane otherwise knew the medication was being administered over Plaintiff's objections. It in fact appears, from the allegations in Plaintiff's original complaint, that Dr. Kane did not personally administer the medication.[2] *See* Compl. (ECF No. 1) at 12. His complaint

---

[2] Plaintiff was previously advised that the allegations in his Amended Complaint would "take the place of and supersede all allegations made in the original complaint and any other documents filed to date." *See* Order, Aug.12, 2015 (ECF No. 12) at 2. The Court has nonetheless reviewed Plaintiff's original allegations against Dr. Kane for clarification. His original complaint does not

instead suggests that a physician's assistant required Plaintiff to submit to the injections. *Id.* Dr. Kane cannot be held liable under § 1983 solely for the unconstitutional acts of his subordinates. *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

It also appears, from those allegations in Plaintiff's original complaint, that Plaintiff was committed to Central State Hospital as a pretrial detainee for treatment and a determination of his competence to stand trial. *See* Compl. at 9. It is thus significant that Plaintiff does not allege a lack of procedural due process. Under appropriate factual circumstances (and with the requisite procedural safe guards), the government may force an individual to take psychiatric medications against his will. *See Grider v. Cook*, 590 F. App'x 876, 882 (11th Cir. 2014); *Riggins v. Nevada*, 504 U.S. 127, 135–36 (1992); *Harper*, 494 U.S. at 236. *See also United States v. Richardson*, No. 308CR302J, 2009 WL 4730563 (M.D. Fla. Dec. 7, 2009) (hearing required to determine if detainee could be medicated to make him competent to stand trial). In such a case, a plaintiff seeking to bring a due process claim would have to show that there were no procedural safeguards in place or that those in place were constitutionally inadequate. *See Grider*, 590 F. App'x at 882. *See also Sell v. United States*, 539 U.S. 166, 183 (2003) (decision to medicate prisoner solely for the purposes of restoring his competence to stand trial must be made by a court, not an individual doctor).

C. <u>First Amendment Free Expression Claim, Involuntary Medication</u>

Plaintiff additionally claims that the taking of medication violates his religious

---

allege that Dr. Kane ordered forced injections or identify any evidence that Dr. Kane knew his order otherwise violated Plaintiff's religious beliefs. *See* Compl. at 2.  .

5

beliefs. It is well settled that a prisoner retains his First Amendment right to freely exercise his religious beliefs unless there is justification to deny him this right which is reasonably related to legitimate penological interests. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–53 (1987). In this case, Plaintiff's own allegations suggest the existence of a legitimate justification. He states that officials believe he is "combative and hostile" and are treating him to determine his competence to stand trial for murder. *See* Compl. at 3.

However, even if there was no legitimate justification for the involuntary medication, the Amended Complaint still does not show that Dr. Kane required Plaintiff to take the medication involuntarily; nor does Plaintiff allege facts demonstrating that Dr. Kane was personally aware of his religious beliefs. The Amended Complaint in fact does not even specify what those religious beliefs are; and his original complaint paradoxically alleges both that he is "Muslim" and that he was at some point denied access to his "Bible," *see* Compl. at 5, 12. Plaintiff's allegations thus fail to show how Dr. Kane is responsible for a violation of his First Amendment rights.

### III.   Conclusion

For those reasons stated herein, the Court finds that Plaintiff's Amended Complaint fails to state a viable claim against Dr. Kane. Plaintiff's Amended Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b).

**SO ORDERED**, this 9th day of November, 2015.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT